JOHN V. HAGER (SBN 61384)
ALISON M. BERNAL (SBN 264629)
HAGER & DOWLING
319 East Carrillo Street
Santa Barbara, California 93101
805-966-4700; Fax: 805-966-4120
**mail@hdlaw.com**

Attorneys for Defendant, THE
AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| THE MEAT MARKET, INC., dba State Center Foods,<br><br>    Plaintiff,<br><br>v.<br><br>THE AMERICAN INSURANCE COMPANY, and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE No. 1:11-CV-00983-AWI -DLB<br>Hon. Anthony W. Ishii, District Judge;<br>Hon. Dennis L. Beck. Magistrate Judge<br><br>**STIPULATION FOR PROTECTIVE ORDER OF NONDISCLOSURE AND CONFIDENTIALITY; ORDER**<br><br>Trial Date: None Set |

    WHEREAS plaintiff to this action, The Meat Market, Inc., wishes to have access to The American Insurance Company's claim manual and other training documents for purposes of prosecuting this lawsuit; and

    WHEREAS The American Insurance Company contends its claims manual and related documents contain trade secret privileged information that (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and

    WHEREAS The American Insurance Company wishes to have access to attorney billing records and fee agreements that purportedly support The Meat Market, Inc.'s claim

STIPULATION FOR PROTECTIVE ORDER OF
NONDISCLOSURE AND CONFIDENTIALITY;
ORDER

1 for attorneys fees; and

2     WHEREAS The Meat Market contends its attorneys' billing and fee agreement
3 contain attorney-client and/or attorney work product privileged information; and

4     WHEREAS The American Insurance Company contends that it could suffer
5 irreparable harm if the protected documents or their contents were subjected to
6 unauthorized disclosure, as the documents contain protected information regarding the
7 procedures and training employed by The American Insurance Company; and

8     WHEREAS The Meat Market and its attorneys contend that they would suffer
9 irreparable harm if the protected documents or their contents were subjected to
10 unauthorized material, as the documents contain privileged information regarding the
11 attorneys' billing .

12     NOW, THEREFORE, the parties stipulate as follows:

13     1. The protected documents to be produced subject to this protective order shall,
14 prior to being produced by The American Insurance Company, be stamped with a notation
15 on each page thereof stating the following:

16     <u>PROTECTED DOCUMENT</u>

17 *The Meat Market v. The American Insurance Company*, Case No. 1:11-CV-
18 00983-AWI -DLB.  This document is subject to a protective order.
Unauthorized disclosure is prohibited.

19     2. Counsel for the parties receiving copies of the protected documents shall treat
20 the documents and their contents as confidential, to be used only for the purposes of this
21 litigation.  In particular, counsel shall not give, show or disclose the contents of any such
22 document to any other person or entity except:

23     (a)  the court and its employees under seal, provided however, that no
24 document shall be filed under seal unless the provisions of California Rules of Court,
25 Rules 2.550 to 2.551 have been satisfied;

26     (b)  the parties' counsel of record, including partners and associate attorneys,
27 and paralegal assistants, stenographic and clerical employees when working under the
28 direct supervision of the counsel of record;

    (c) the parties' experts, consultants, agents and investigators who are or will be consulted or retained to assist the parties in their preparation for and conduct of pretrial and trial proceedings in this litigation;

    (d) court reporters during depositions, hearing or trial.

  3. Prior to providing or disclosing protected documents to any person described in subparagraphs 2(b) and/or 2(c), the parties' counsel shall first inform such person that the protected documents are to be treated as confidential, to be used only for purposes of this litigation, and that these restrictions are imposed by court order.

  4. Before providing protected documents to any person pursuant to section 2(c), plaintiff's counsel shall first provide such person with a copy of this protective order and have such person execute an acknowledgment and agreement to be bound by the terms of this protective order in the following form:

<u>ACKNOWLEDGMENT AND AGREEMENT REGARDING</u>

<u>PROTECTED DOCUMENTS</u>

The undersigned acknowledges that a protective order has been entered in United State District Court, Eastern District of California, Court Case No. 1:11-CV-00983-AWI -DLB entitled *The Meat Market v. The American Insurance Company*. The undersigned acknowledges that he/she/it has received and read a copy of the protective order, understands the contents thereof, and agrees to be bound by its terms. The undersigned acknowledges that violation of the terms of this protective order could subject the undersigned to sanctions or damages as provided by law. The undersigned expressly submits to the jurisdiction of the United State District Court, Eastern District of California for purposes of any action which might be necessary to enforce the terms of this protective order.

DATED: _____  _____

DATED: _____  _____

and retain such signed acknowledgment in its file, pending the final disposition of this action.

  5. The disclosure or production by The American Insurance Company of protected documents pursuant to this protective order shall not be deemed to concede the relevancy, competency or admissibility of any document or of any matter set forth therein, and is not intended to be a waiver of any privilege.

6. Any documents stamped as containing any confidential information or any reference thereto, including without limitation all deposition transcripts, document requests and responses thereto, interrogatories, interrogatory answers, other discovery documents, briefs, motions, declarations, and/or points and authorities shall be subject to this protective order and shall not be served on or provided to any person other than the Authorized Parties designated in paragraph 2.

7. Upon request of The American Insurance Company and not later than thirty (30) days following the final disposition of this action, whether by dismissal, settlement, final judgment or otherwise, counsel for all other parties shall deliver to counsel for defendant all copies of the protected documents in their possession or under their control, including copies provided to experts, consultants and any other person described in subparagraphs 2(c). Counsel shall, concurrently with delivery of the protected documents, deliver to defendant's counsel the signed acknowledgments regarding protective order executed per paragraph 3, and shall provide written certificates to defendant's counsel that the terms of the protective order have been complied with by counsel of record by the parties.

DATED: January 23, 2012            HOPPE LAW GROUP

By: *Electronically Signed*
THEODORE W. HOPPE
BARBARA J. RUEGER
Attorneys for Plaintiff, THE MEAT MARKET, INC.

DATED: January 23, 2012            HAGER & DOWLING

By: *Electronically Signed*
ALISON M. BERNAL
Attorneys for Defendant, THE AMERICAN INSURANCE COMPANY

# ORDER

On stipulation of the parties, and for good cause shown, the foregoing stipulation is hereby an Order of this Court. However, paragraph 2. (a)  shall be modified to read

> the court and its employees under seal, provided however, that no document shall be filed under seal unless the provisions of Local Rules of Practice for the Eastern District of California, Rule 141 has been satisfied

IT IS SO ORDERED.

Dated:  **February 28, 2012**          /s/ Dennis L. Beck
                                                     UNITED STATES MAGISTRATE JUDGE